UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MEGAN S. BYFIELD,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION (NYCDOE), et al.,

                Defendants.

1:22-CV-5869 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

On July 8, 2022, Plaintiff filed her *pro se* complaint, an incomplete *in forma pauperis* ("IFP") application, as well as an application for the Court to request *pro bono* counsel, which were all entered on this action's publicly available electronic docket on July 11, 2022. By order dated July 12, 2022, the Court directed Plaintiff, within 30 days, to either pay the fees to bring this action or complete, sign, and submit an amended IFP application. One day later, on July 13, 2022, Plaintiff filed an amended IFP application, which was entered on July 14, 2022. The Court granted Plaintiff's amended IFP application in an order filed and entered on July 15, 2022. Ten days later, on July 25, 2022, Plaintiff filed a motion for "Redactions and Filing under Seal" in which Plaintiff asks the Court to "[l]imit public access to sensitive and confidential documents under Rule 5A." (ECF 7.) The Court construes Plaintiff's motion as one in which Plaintiff requests that all of her submissions that have been filed in this action, with the exception of the present motion, be sealed. For the reasons set forth below, the Court denies Plaintiff's motion.

## DISCUSSION

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute,

and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 598-99.

The United States Court of Appeals for the Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the document is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted). Second, if the Court determines that the materials to be sealed are judicial documents, then the Court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Finally, "the court must balance competing considerations against it." *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted). The fact that documents have been publicly available for some time weighs against sealing them. *See United States v. Basciano*, Nos. 03-CR-0929. 05-CR-0060, 2010 WL 1685810, at *3-4 (E.D.N.Y. Apr. 23, 2010) (privacy interest in sealing documents was weakened by the fact that the public was already aware of the relevant information). "The burden of demonstrating that a document

submitted to a court should be sealed rests on the party seeking such an action." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Plaintiff's complaint is a "judicial document," to which the public is presumed to have a right of access. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (all pleadings, including a complaint, "are judicial records subject to a presumption of public access"). Plaintiff's original and amended IFP applications are also judicial documents because "they allow the Court to determine whether Plaintiff can proceed with this action IFP." *Komatsu v. City of New York*, No. 1:20-CV-6510, 2020 WL 8641272, at *1 (S.D.N.Y. Sept. 2, 2020). Moreover, Plaintiff's application for the Court to request *pro bono* counsel is a judicial document because it allows the Court to determine whether Plaintiff is eligible for the Court to request *pro bono* counsel to represent her. *See Mitchell ex rel. Hughes v. Mirza*, No. 07-CV-3686, 2009 WL 10706571, at *2 (E.D.N.Y. May 6, 2009). Because these submissions are judicial documents, the Court must evaluate whether any countervailing factors outweigh the relatively strong presumption of public access to them.

In her motion, Plaintiff states the following:

> I am concerned about the viewing public accessing my sensitive medical records, diagnosis, financial information, and personal identifying information. Please order the courts, ECF, and all parties to comply with the Motion to File Under Seal to protect my privacy. Access to sensitive materials in the wrong hands could damage my overall health and quality of life. Unfortunately, we live in a world of great division, lack of compassion, and unethical behavior to cause destruction with impunity. I do not want sensitive information about me in the public domain on social media for trolls' entertainment. I fear that if the public has full a[c]cess to my medical records and financial information, someone with nefarious intentions could potentially use the information to bring harm to my family or me.

(ECF 7, at 2.)

While Plaintiff mentions her medical and mental-health conditions in her complaint, she does not attach any medical records to her complaint, let alone any detailing those conditions.

3

With respect to Plaintiff's financial information, the Court required such information in order to determine whether Plaintiff was unable to pay the fees to bring this action, and thus, proceed IFP. In addition, Plaintiff does not explain why she waited many days after she filed her submissions, and after they were made publicly available, to move for those submissions to be sealed.

Accordingly, the Court concludes that Plaintiff's submissions are all "relevant to the performance of the judicial function and useful in the judicial process," *Lugosch*, 435 F.3d at 119 (internal quotation marks and citation omitted), and not sufficiently extraordinary to outweigh the presumption in favor of public access to them. The Court therefore denies Plaintiff's motion.[1]

## CONCLUSION

For the reasons set forth in this order, the Court denies Plaintiff's motion to seal Plaintiff's submissions. (ECF 7.) The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 29, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] To the extent that Plaintiff invokes the redaction provisions of Rule 5.2(a) of the Federal Rules of Civil Procedure, they are not applicable here. Those provisions require court submissions to refer to a Social Security number by referring only to its last four digits, to an individual's birthdate by referring only to the individual's birth year, to a minor by referring only to the minor's initials, and to a financial-account number by referring only to its last four digits. Fed. R. Civ. P. 5.2(a)(1)-(4). "A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." Fed. R. Civ. P. 5.2(h).