UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGAN S. BYFIELD,<br><br>                              Plaintiff,<br><br>-v.-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION (NYCDOE); DISTRICT COUNCIL 37 (DC 37); DIVISION OF HUMAN RIGHTS (DHR); LIZ VLADECK, General Counsel, NYCDOE, Office of Legal Services; ROBIN ROACH, General Counsel, District Council 37; WILLIAM LaMOT, Regional Director, DHR,<br><br>                              Defendants. | 22 Civ. 5869 (KPF)<br><br>**ORDER OF SERVICE** |

KATHERINE POLK FAILLA, United States District Judge:

      Plaintiff brings this *pro se* action under the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990 ("ADA"), and the New York City Human Rights Law ("NYCHRL"), and seeks damages. She asserts that her former employer, the New York City Department of Education ("NYCDOE"), as well as other defendants, retaliated against her, and discriminated against her because of her disabilities. Plaintiff sues: (i) the NYCDOE; (ii) District Council 37 ("DC 37"), her union; (iii) the New York State Division of Human Rights ("NYSDHR"); (iv) Liz Vladeck, the NYCDOE's General Counsel; (v) Robbin Roach, DC 37's General Counsel; and (vi) William LaMot, the NYSDHR's Regional Director.

      Plaintiff has filed an application for the Court to request *pro bono* counsel. (Dkt #3). By Order dated July 15, 2022, the Court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons discussed below, the Court dismisses all of Plaintiff's claims with the exception of Plaintiff's claims against the NYCDOE under the ADA and the Rehabilitation Act, and denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date. The Court directs service on the NYCDOE with respect to Plaintiff's claims against the NYCDOE under the ADA and the Rehabilitation Act.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston* v. *Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits —

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

### A. Claims under the NYCHRL

Under the NYCHRL, "a litigant who files a claim with the NYSDHR cannot bring the same claim [under the NYCHRL] in federal court." *Waller* v. *Muchnick, Golieb & Golieb, P.C.*, 523 F. App'x 55, 56 n.1 (2d Cir. 2013) (summary order); *see* N.Y.C. Admin. Code § 8-502(a) ("Except as otherwise provided by law, any person claiming to be a person aggrieved by an unlawful discriminatory practice … or by an act of discriminatory harassment or violence … shall have

a cause of action in any court of competent jurisdiction ... unless such person has filed a complaint ... with the state division of human rights with respect to such alleged unlawful discriminatory practice or act of discriminatory harassment or violence."); *see York* v. *Ass'n of Bar of City of New York*, 286 F.3d 122, 127 (2d Cir. 2002). There are two exceptions: (i) when the claim filed with NYSDHR or the New York City Commission on Human Rights ("NYCCHR") is dismissed for administrative convenience or on the grounds that the claimant's election of an administrative remedy is annulled, and (ii) when the discrimination complaint is referred from a federal agency to the NYSDHR or to the NYCCHR pursuant to the requirements of federal law. *Jackson* v. *N.Y.C. Transit. Auth.*, No. 19 Civ. 5351 (VSB), 2022 WL 137856, at *3 (S.D.N.Y. Jan. 14, 2022); *see* N.Y.C. Admin. Code § 8-502(a), (b).

Plaintiff alleges that she filed discrimination complaints with the NYSDHR on June 15, 2021, and again on September 21, 2021. She has also attached to her complaint filed in this action a copy of a May 22, 2022 Determination and Order after Investigation issued by NYSDHR. In that administrative decision, the NYSDHR considered Plaintiff's claims from her June 15, 2021 discrimination complaint, and determined that there was no probable cause to believe that the NYCDOE had discriminated against her under the New York State Human Rights Law ("NYSHRL"). (Dkt. #2-10, at 1-3). Plaintiff does not allege any facts showing that despite her filing of discrimination complaints with the NYSDHR, the exceptions to the relevant election-of-remedies provision of the NYCHRL should apply.

Accordingly, because Plaintiff chose to use the administrative remedies available to her under the NYCHRL (or the NYSHRL), this Court lacks subject-matter jurisdiction to consider her claims under the NYCHRL (or any that she asserts under the NYSHRL).  *See* N.Y. Exec.  Law § 297(9) (NYSHRL election-of-remedies provision); N.Y.C. Admin. Code § 8-502(a); *Guardino* v. *Vill. of Scarsdale Police Dep't*, 815 F. Supp. 2d 643, 646 (S.D.N.Y. 2011) ("When a Plaintiff has filed a complaint with the [NY]SDHR regarding alleged discrimination, he is thereafter barred from commencing an action in court regarding that discrimination[.]  When the [NYSDHR] has issued a finding of no probable cause …  [the] plaintiff's claims …  are barred by the law['s] election of remedies provisions because she has already litigated the claims before the [NYSDHR].  The bar is jurisdictional, and the claims must be dismissed pursuant to" Fed. R. Civ. P. 12(b)(1).) (internal quotation marks and citations omitted, fourth alteration in original); *see also Harris* v. *Oscar De La Renta, LLC*, No. 20 Civ. 9235, 2022 WL 540659 (JGK), at *3 (S.D.N.Y. Feb. 22, 2022) ("In this case, the plaintiff filed an employment discrimination claim with the NYSDHR.  … These are substantially the same claims that the plaintiff brings in this action.  Accordingly, the election of remedies doctrine divests this Court of jurisdiction over the plaintiff's claims pursuant to the NYSHRL and the NYCHRL.").  The Court therefore dismisses Plaintiff's claims under the NYCHRL for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

### B. Claims Against the Individual Defendants under the ADA and the Rehabilitation Act

The Court must also dismiss Plaintiff's claims against the individual defendants under the ADA and the Rehabilitation Act. Courts have held that the ADA and the Rehabilitation Act do not provide for liability of individuals in their individual capacities. *See, e.g., Goe* v. *Zucker*, — F.4th —, No. 21-0537-cv, 2022 WL 3007919, at *11 (2d Cir. July 29, 2022) (Rehabilitation Act); *Garcia* v. *S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (Rehabilitation Act and Title II of the ADA); *O'Hara* v. *Bd. of Coop. Educ. Servs., S. Westchester*, No. 18 Civ. 8502 (KMK), 2020 WL 1244474, at *11 (S.D.N.Y. Mar. 16, 2020) (Title I of the ADA) (citing cases).[1] Accordingly, the Court dismisses Plaintiff's claims against the individual defendants under the ADA and the Rehabilitation Act for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Claims of Discrimination Against the NYSDHR Under Title II of the ADA and the Rehabilitation Act, and Claims of Discrimination Against the DC 37 Under Title I of the ADA

The Court understands Plaintiff's complaint as asserting claims of discrimination against the NYSDHR under Title II of the ADA and the Rehabilitation Act, and claims of discrimination against DC 37 under Title I of the ADA. For the reasons discussed below, the Court dismisses those claims.

---

[1] The "first three titles [of the ADA] proscribe discrimination against individuals with disabilities in employment and hiring (Title I), access to public services (Title II), and public accommodations (Title III)." *Henrietta D.* v. *Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

To state a claim of non-employment discrimination under Title II of the ADA or the Rehabilitation Act, a plaintiff must allege: (i) the plaintiff is a qualified individual with a disability; (ii) the defendant is subject to Title II of the ADA or the Rehabilitation Act; and (iii) the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant, by reason of the plaintiff's disability. *Shomo* v. *City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (quoting *Henrietta D.* v. *Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)). Additionally, to establish a violation under the Rehabilitation Act, "a plaintiff must show that the defendant[] receive[s] federal funding." *Henrietta D.*, 331 F.3d at 272; *see* 29 U.S.C. § 794(a).

To state a claim of employment discrimination under Title I of the ADA, a plaintiff must allege:

> [i] the employer [or labor organization] is subject to the ADA; [ii] the plaintiff is disabled within the meaning of the ADA or perceived to be so by her employer [or labor organization]; [iii] she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; [iv] she suffered an adverse employment [or labor organization] action; and [v] the adverse action was imposed because of her disability.

*Davis* v. *N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015); *Decastro* v. *Randstad Prof'ls US, LLC*, No. 15 Civ. 944 (RA), 2019 WL 131856, at *3 (S.D.N.Y. Jan. 8, 2019), *appeal dismissed*, No. 19-250, 2019 WL 7761347 (2d Cir. Aug. 6, 2019). The causation standard for employment discrimination claims brought under Title I of the ADA and the Rehabilitation Act is a "but-for" standard; a plaintiff must allege but for her disability, the defendant would not

7

have discriminated against her.  *See Natofsky* v. *City of New York*, 921 F.3d 337, 345, 347-50 (2d Cir. 2019).  While the United States Court of Appeals for the Second Circuit has not decided whether a "but for" or a less strict "mixed motive" causation standard applies to non-employment discrimination claims under Title II of the ADA or the Rehabilitation Act,[2] under the "mixed motive" causation standard, the plaintiff need only show that her disability was a motiving factor with respect to the defendant's adverse action against her.  *See Vega* v. *Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85-86 (2d Cir. 2015) (discussion in context of pleading standard for employment discrimination claims under Title VII of the Civil Rights Act of 1964).

The Court will accept, for the purposes of this Order, that Plaintiff has a disability that is a protected characteristic under both the ADA and the Rehabilitation Act.  With respect to Plaintiff's claims of non-employment discrimination against the NYSDHR under Title II of the ADA and the Rehabilitation Act, Plaintiff alleges no facts showing that: (i) the NYSDHR is subject to the Rehabilitation Act — that it receives federal funds — or, (ii) with respect to Title II of the ADA and the Rehabilitation Act, that the NYSDHR denied Plaintiff the opportunity to participate in or benefit from the NYSDHR's

---

[2]   Following the U.S. Supreme Court's ruling in *Gross* v. *FBL Fin. Servs., Inc.*, 557 U.S. 167, 176-77 (2009), in which it held that "age discrimination must be the 'but-for' cause of an adverse employment action for ... liability to attach" under the Age Discrimination in Employment Act (ADEA), the Second Circuit has not decided whether "but-for" causation or "mixed motive" causation is required to state a claim of non-employment discrimination under Title II of the ADA or the Rehabilitation Act.  *Bolmer* v. *Oliveira*, 594 F.3d 134, 148-49 (2d Cir. 2010) (discussion in the context of Title II of the ADA); *see Wright* v. *N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016) (standards under Title II of the ADA and the Rehabilitation Act "are generally the same" (quoting *Henrietta D.,* 331 F.3d at 272)).

services, programs, or activities, or otherwise discriminated against Plaintiff by reason of Plaintiff's disability.  In other words, Plaintiff does not provide facts showing that her disability was, at least, a motivating factor in the NYSDHR's alleged adverse action against her.  Without those facts, it appears that Plaintiff is merely dissatisfied with way in which the NYSDHR investigated the discrimination complaints that she filed with that agency and with that agency's administrative determination as to at least one of those discrimination complaints.  The Court therefore dismisses Plaintiff's claims of discrimination against the NYSDHR under Title II of the ADA and the Rehabilitation Act for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

  As to Plaintiff's claims of employment discrimination against DC 37 under Title I of the ADA, Plaintiff has failed to state such a claim.  Plaintiff has not alleged any facts showing that DC 37 imposed an adverse action on Plaintiff because of Plaintiff's disability, that is, but for Plaintiff's disability, DC 37 would not have discriminated against her by carrying out an adverse action.  Without these facts, the Court must conclude that Plaintiff is merely dissatisfied by DC 37's failure to file grievances with the NYCDOE with regard to her employment issues with the NYCDOE.  The Court therefore dismisses Plaintiff's claims of employment discrimination against DC 37 under Title I of the ADA for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Claims of Retaliation Against DC 37 Under the ADA

The Court construes Plaintiff's complaint as asserting claims of retaliation against DC 37 under the ADA. To state a claim of retaliation under the ADA, a plaintiff must show: "(i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Natofsky*, 921 F.3d at 353 (internal quotation marks and citation omitted). Such a causal connection may be shown either "[i] indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees [or union members] who engaged in similar conduct; or [ii] directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Id.* (internal quotation marks and citation omitted).

The Court assumes, for the purpose of this Order, that Plaintiff engaged in protected activity known to DC 37. Plaintiff, however, alleges no facts showing that DC 37 took adverse action against her, and that, if it did, that there was a causal connection between the protected activity and the adverse action. She merely expresses her dissatisfaction at DC 37's failure to file grievances with the NYCDOE as to her employment issues with the NYCDOE. The Court therefore dismisses Plaintiff's claims of retaliation against DC 37

under the ADA for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### E. Plaintiff's Application for the Court to Request *Pro Bono* Counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, her efforts to obtain a lawyer, and her ability to gather the facts and present the case if unassisted by counsel. *See Cooper* v. *A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge* v. *Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. And even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard* v. *U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because it is too early in the proceedings for the Court to assess the merits of Plaintiff's remaining claims, the Court denies Plaintiff's application for the Court to request *pro bono* without prejudice to Plaintiff's filing another such application a later date. The Court recognizes that, in connection with the automatic mediation program to which this case is being referred in a separate order, Plaintiff will receive assistance from limited purpose *pro bono* counsel for the mediation. However, there is no guarantee that limited purpose counsel will agree to participate more broadly in Plaintiff's case.

11

### F.      Service on the NYCDOE

This action will proceed against the NYCDOE as to Plaintiff's claims against it under the ADA and the Rehabilitation Act.  Accordingly, service must be effected on the NYCDOE.

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker* v. *Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process … in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the NYCDOE through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the NYCDOE. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the NYCDOE.

If the complaint is not served on the NYCDOE within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to: (i) issue a summons for the NYCDOE; (ii) complete a USM-285 form with the service address of the NYCDOE; and (iii) deliver all documents necessary to effect service of a summons and the complaint on the NYCDOE to the U.S. Marshals Service.

For the reasons discussed in this Order, the Court dismisses all of Plaintiff's claims with the exception of Plaintiff's claims against the NYCDOE under the ADA and the Rehabilitation Act, and denies Plaintiff's application for the Court to request *pro bono* counsel (Dkt. #3) without prejudice to Plaintiff's filing another such application at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 5, 2022
        New York, New York

*[signature: Katherine Polk Failla]*

　　　　　　　　　　　　　　　KATHERINE POLK FAILLA
　　　　　　　　　　　　　　　United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

New York City Department of Education
c/o New York City Law Department
100 Church Street
New York, New York 10007