UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEGAN S. BYFIELD,

                  Plaintiff,

         -v.-

NEW YORK CITY DEPARTMENT OF
EDUCATION (NYCDOE),

                  Defendants.

22 Civ. 5869 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Plaintiff, who proceeds *pro se* and *in forma pauperis,* requests that the Court waive her existing balance of $37.70 on the Public Access to Court Electronic Records (PACER) system and exempt her from the user fees charged for searching and viewing access to PACER. (Dkt. #27). For the reasons set forth below, Plaintiff's application is denied.

The Judicial Conference of the United States has issued a fee schedule that sets the price for accessing the PACER system. *See* Electronic Public Access Fee Schedule, Effective January 1, 2020 ("Fee Schedule"), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule; *see also* My Account and Billing – Frequently Asked Questions, https://pacer.uscourts.gov/my-account-billing (explaining that "[f]ees are waived when usage is $30 or less for the quarter"). Paragraph 8 of the Fee Schedule lists several automatic fee exemptions:

- No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.
- Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.
- No fee is charged for access to judicial opinions.
- No fee is charged for viewing case information or documents at courthouse public access terminals.
- No fee is charged for Chapter 13 bankruptcy trustees to download quarterly (i.e., once every 90 days) a list of the trustee's cases from the PACER Case Locator.

The Fee Schedule also permits courts to grant additional, discretionary exemptions under limited circumstances. (Fee Schedule ¶ 9). A requesting party must demonstrate that an exemption beyond the automatic exemptions "is necessary in order to avoid unreasonable burdens and to promote public access to information." (*Id.*).

Plaintiff has provided neither. Indeed, Plaintiff does not provide a single reason why her previous PACER activity falls outside that which qualifies for the automatic exemptions from the PACER user fee, nor does she provide that her current $37.70 balance will cause her to suffer an unreasonable burden. Further, she has not demonstrated that she will suffer an unreasonable burden

if her free access to PACER is limited to the automatic fee exemptions. For this request to be granted, Plaintiff must provide some explanation of how the automatic fee exemptions are insufficient for Plaintiff's purposes, and why her current balance will create an unreasonable burden. Plaintiff also fails to demonstrate that a discretionary exemption would promote public access to information. Because Plaintiff has failed to demonstrate either of the elements necessary for a discretionary exemption, this motion is denied.

As Plaintiff has consented to electronic service of documents filed in this action (Dkt. #2), there is no need for the Court to mail this Order to her.

SO ORDERED.

Dated: January 11, 2023
New York, New York

KATHERINE POLK FAILLA
United States District Judge